ALRED *v.* ALRED.

In this case—being a suit by a father to recover custody of his son ten years of age from its paternal grandfather by writ of habeas corpus— the discretion of the judge in awarding custody of the child to the petitioner will not be disturbed.

No. 4721. FEBRUARY 10, 1926.

Habeas corpus. Before Judge Bale. City court of Floyd county. December 20, 1924.

*J. F. Kelly* and *M. B. Eubanks* for plaintiff in error.

*Porter & Mebane,* contra.

ATKINSON, J. The father of a boy brought habeas corpus proceedings against the plaintiff's father, seventy-one years old, for the custody of the boy, ten years old. The defendant lived with his wife, seventy-five years old, the mother of plaintiff. The mother of the boy died soon after his birth, and the plaintiff allowed the defendant's wife to take the infant, who remained with his grandparents ever afterwards and was supported by them and sent to the public school after he attained school age, and is now a healthy and well-behaved boy. The plaintiff had another boy seven years older, and married again, the second wife being admittedly a worthy woman with four children of her own. The plaintiff and defendant were each admittedly of good character, and their feelings toward each other were cordial. The petition alleged that "petitioner consented originally that defendant . . be allowed to keep said child . . upon condition that said defendant himself, together with his wife, have control complete and absolute over said child so long as they should live, provided he exercised this control, and did not relegate or permit any one else to interfere with his management and control; . . that . . when said child was about six years of age is the time hereinbefore mentioned when petitioner agreed that his father might keep said

---

Parent and Child 29 Cyc. p. 1590, n. 55; p. 1601, n. 32; p. 1604, n. 60; p. 1605, n. 73.

child as long as his father should live, based wholly on the idea that the doctor had advised him that his father in all probability would not live long, and that his father would take control of said child and not permit other members of his family and influences to mar and destroy the moral character of said child, but said defendant failed and refused to do so, and the . . three sons of defendant continue . . to whip, slap, and mistreat said child, instead of such necessary correction being administered by petitioner's father or mother; they [said sons] continue to fight and commit acts of boisterousness and rowdyism in the presence and hearing ·of said child, until· petitioner feels that he can no longer in justice to himself or child permit him to remain under said influences, notwithstanding the fact that he still feels the same sympathy and affection for his father and mother as he has . . felt all his life." Other allegations were, that owing to old age defendant and his wife are in feeble health, are unable to care for and wait upon said child, and are themselves childish, easily influenced, and are under domination and control of defendant's three sons above mentioned, who have taken advantage of the mental and physical senility of defendant and his wife and dominate their home, and have taken the management, control, and training of the child, and curse and fight and engage in personal brawls and disorder in the presence of the child; that in the circumstances petitioner is entitled in law to the custody of the boy, and it is to the best interest of the boy that custody of him should be awarded to petitioner.

The answer denied all allegations as to feebleness of mind or body, domination by their other three sons, and improper conduct by them at the home or in the presence of the child; and alleged an unconditional gift of the boy when he was five years old, so long as defendant or his wife should live, and that it was for the best interest of the child that defendant should retain custody of him. Relatively to the gift of the child the plaintiff testified: "I told my father that I would let Shelby [the child] remain awhile longer with him, and as long as he should live, calling his attention to the fact that brothers Joe and Robert would fuss, curse, and use foul language in the presence of Shelby, and that he would have to stop that, and that he would have to stop the other brothers and sisters of mine from punishing

Shelby, to all of which he agreed and said no one but him and mother would correct Shelby." The petitioner introduced other evidence tending to support all the above-mentioned allegations of the petition, and the defendant introduced evidence tending to support all of the above-mentioned portions of the answer; thus making a conflict of evidence as to matters as to which the parties were at issue. Except as indicated above in the statement of the pleadings, there were admissions in open court to show the case outlined above. The judge awarded the custody of the child to his father, and the defendant excepted on the grounds that the judgment was contrary to law, evidence, and without evidence to support it, for the reasons (in so far as insisted upon in the brief of the attorney for plaintiff in error) : (a) that the evidence and allegations of the petition demanded a finding that petitioner had released custody to the defendant, by absolute contract; (b) that the judgment is contrary to evidence, because all the evidence shows that the plaintiff stood by and acquiesced in the defendant's custody of the child for a period of more than ten years, and permitted the defendant to expend large sums of money in providing for and raising and maintaining the child, and himself failed to provide any support for the child, although amply able to do so, which amounted to a forfeiture of his right to insist on having custody of the child.

Sufficient has been stated above to show the nature of the case and to illustrate the points raised by the exceptions. Under the law the father of the child was primarily entitled to its custody. The evidence and admissions in the petition did not demand a finding against the plaintiff on account of the contract, nor was the judgment unauthorized on account of forfeiture by plaintiff of his right to custody of his child. The evidence in its entirety was sufficient to support the judgment, and the discretion of the judge in awarding custody of the child to its father will not be disturbed.          *Judgment affirmed.   All the Justices concur.*